UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IKEIE SMITH #369273
   Plaintiff,

V

Ray Rubley
BRANDON WELCH
(Unknown) BLACKMAN
(Unknown) JOHN/JANE DOE
(Unknown) MOYER
(Unknown) STOMP
   Defendants,
_____/

Case No. 1:22-cv-925
Honorable Paul Maloney

## FIRST AMENDED
### CIVIL RIGHTS COMPLAINT WITH A JURY DEMAND

### INTRODUCTION

This is a civil rights complaint by IKEIE SMITH #369273 a state prisoner for damages and injuctive relief under 42 USC Sec 1983.

### JURISDICTION

1. The Court has jurisdiction over Plaintiff's claims for violation of his federal Constitutional rights under 42 USC Sec 1331 and 1343.

1

# PARTIES
## PLAINTIFF

1. Plaintiff IKEIE SMITH #369273, at all relevant times hereto, was an inmate incarcerated by the Michigan Department of Corrections at Bellamy Creek Correctional Facility, 1727 Bluewater Highway Ionia, Michigan 48846. Plaintiff is now incarcerated at Baraga Correctional Facility, 13924 Wadaga Rd. Baraga, Michigan 49908.

## DEFENDANTS

1. Defendant RAY RUBLEY is employed by the Michigan Department of Corrections, currently working as a Guard employed by the Bellamy Creek Correctional Facility.
2. Defendant BRANDON WELCH is employed by the Michigan Department of Corrections, currently working as a Guard employed by the Bellamy Creek Correctional Facility.
3. Defendant (unknown) BlackMAN is employed by the Michigan Department of Corrections, currently working as Assistant Deputy Warden employed by Bellamy Creek Correctional Facility.
4. Defendant (unknown) John/Jane Doe is employed by the Michigan Department of Corrections, currently working as a Guard employed by the Bellamy Creek Correctional Facility.
5. Defendant (unknown) Moyer is employed by the Michigan Department of Corrections, currently working as Inspector employed by the Bellamy Creek Correctional Facility.
6. Defendant (unknown) StomP is employed by the Michigan Department of Corrections currently working as a sergeant employed by the Bellamy Creek Correctional Facility.
7. Each Defendant is being sued in their individual capacity.
8. All Defendants have acted and continue to act under color of state law, at all times relevant to this complaint.

## EXHAUTION OF ALL AVAILABIE REMEDIES

Administrative grievance system was not available to Plaintiff, due to threats by staff at Bellamy Creek facility for previously reporting guards conduct. see Appendix A. Plaintiff was also assaulted by an inmate and guard Rubley. see Appendix A. Plaintiff was threatened to be harmed again after previous assaults and threats. Plaintiff was denied access to grievance forms while housing in the segregation unit at Bellamy Creek facility. see Appendix A.

## STATEMENT OF FACTS

1. At all times relevant to this complaint, Plaintiff was incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan.

2. On January 2, 2020 between 1730 and 1800 hours, another inmate assaulted two guards on A wing base in unit 5 block. Plaintiff was about 8 feet away from the incident.

3. On January 2, 2020 between 1730 and 1800 hrs during the assaults, additional guards responded to the incident. The assaultive inmate voluntarily laid on the ground allowing the guards to handcuff him as ordered.

4. Plaintiff observed several guards using excessive force on the inmate, i.e.: twisting his arms and legs, punching and kicking him while he screamed "Help me". Plaintiff yelled to the guards: "Stop he's not even resisting at all."

5. Defendant Rubley stopped punching the inmate, while screaming: "shut your mouth Smith, back the fuck up or we'll do the same to you, everybody back up." Plaintiff complied with the order to "back up". Plaintiff ordered to sit in the dayroom.

6. On January 2, 2020 between 1730 and 1800 hours while Plaintiff was in the dayroom. Plaintiff reported the use of excessive force to sergeant (sgt) stomp that Defendant Rubley and other staff used on the inmate. Plaintiff stated that he would report the incident to administration and file a complaint to the Directors office in Lansing. see Appendix A. Defendant Stomp stated: "Mind your own business, do your time, or find yourself in a hard place around here".

3

7. This same day, Plaintiff placed kites in the mailbox to the Warden, Assistant Deputy Warden (ADW) Blackman and Inspector Moyer. see Appendix F. Requesting an investigation regarding excessive use of force used by Defendant Rubley and other staff that could be verified by video footage from the camera.

8. On January 3, 2020 Plaintiff mailed a formal complaint about the incident to the MDOC Director's office. see Appendix B. The same day about dinnertime, Defendant Welch came to Plaintiff's cell and said: "I hear you reported Rubley and some of my other staff to the sgt and wrote kites to the Warden and Inspector. Smith are you asking for trouble, fuck boy." Plaintiff ignored the comments.

9. On this same day, during the guards' round time, Welch stopped at Plaintiff's door stating: "Pack your shit rat, you going to the hole for being a snitch, don't come back out the hole, this your only warning. see Appendix A.

16. About an hour later, Sgt Stomp approached Plaintiff's cell ordering Plaintiff to "cuff up" so he could be taken to segregation, Plaintiff complied.

10. While walking to segregation unit sgt Stomp stated: "Told you to mind your own business, a hard head makes a soft ass. Me, Rubley and our other staff are the most powerful gang in MDOC. This is what happens when you report one of us. We throw you in the hole for a bogus ticket and if you come out the hole, we get a crash dummy to hurt you. We run this prison Smith and we hate rats."

11. While in segregation Sgt (John Doe) reviewed a ticket with Plaintiff, notifying him that he was placed in segregation for failure to disperse during the January 2, 2020 incident, when the guards used excessive force on the inmate. After reviewing the ticket sgt stated: "You barked up the wrong tree, don't leave the hole."

12. While Plaintiff was in segregation several inmates who came to segregation from unit 5 block (the unit Plaintiff was in) stated that staff members specifically Rubley and Welch were offering to pay inmates to hurt Plaintiff if he left segregation and returned to general population. see Appendixes C and E. (Affidavits from two of the inmates).

4

13. Plaintiff wrote kites to the Warden, Inspector Moyer, ADW Blackman, PC Ritter and Rum Haden about staff members offering to pay inmates to hurt him, if Plaintiff returned to general population and the fear for his safety. see Appendix D.

14. On March 10, 2020 Plaintiff was reclassified to general population. About 1520 after leaving segregation, Plaintiff went to general population and entered unit 5 block.

15. Defendant Rubley was standing by the unit bubble. Rubley looked directly at Plaintiff. Rubley shook his head, stating: "Didn't Stomp and Welch tell you what would happen if you came out the hole?" Plaintiff stated: "I don't want no problems, I should not have reported what I saw done to the inmate." Defendant Rubley stated: "It's to late for that Smith, this is not a game, you should have kept your mouth shut, we always win." Later that same day, Rubley got on the unit speaker and announced over the PA system, "cell 150 smith you're a rapist and a rat, you not welcome here, sleep tight."

16. While in Unit 5 block from March 10th to the 26th, 2020 Plaintiff was harassed and threatened by Defendants Rubley, Welch, Stomp along with other staff members.

17. Plaintiff told ADW Blackman on March 26, 2020 at lunch time that he was in danger. That inmate Phillip Lloyd told Plaintiff that Rubley and Welch attempted to pay Lloyd to hurt Plaintiff. Lloyd backed out and told the Plaintiff inmate Hoskins was going to do the job alone. see Appendix C.

18. Plaintiff requested immediate protective custody or to be moved out of the unit. ADW Blackman stated: "we not moving you because of issues with staff, you should have kept your mouth shut, deal with the consequences, you did this to yourself."

19. Each housing unit is assigned five guards per each 8 hour shift. One guard is positioned in the unit bubble who monitors each wing, and can open and close each cell door electronically. Guards are required to rotate back and forth in the unit making rounds to observe each cell activity to ensure inmates safety and security.

20. During small yard (recreational time) only one wing in the unit are let out their cell at a time for an hour and a half.

21. Each unit has four wings divided by two sides. The wings are reffered to as either Upper or Lower, A wing or B wing. Small yard for each unit is for a duration of an hour and a half, with 30-minute intervals for inmates on the designated wing to have <u>controlled movement</u>. The 30 minute intervals are called halftime. Guards patrol the designated wing to ensure safety and security. Guards also let inmates in and out of cells upon inmates request.

22. Inmates are not allowed to go onto another wing they are not assigned to unless they are granted permission. Inmates are prohibited from entering any cell that is not their assigned cell. In this case inmate Hoskins locked on B upper wing and Plaintiff Smith locked (was assigned to) B lower wing.

23. At about 1420 hours B lower was scheduled for small yard, other inmates from that wing are authorized to be out their cells during that alloted time. The only way inmate Hoskins could get out his cell, walk down to B lower wing and enter Plaintiff is if a guard opened the doors and allowed him to move.

24. The only way Hoskins could enter Plaintiff's cell was if a guard used his key to manually open the door, or the bubble guard opened it electronically.

25. On March 26, 2020 about 1405 hours Guard (John Doe) who was working in the unit bubble, came on the loud speaker stating: "Smith we have a gift coming to your cell, special delivery." Plaintiff heard several people laughing over the loud speaker after that comment. Then Rubley said "rat boy."

26. Approximately 1420 hours B lower wing inmates were let out their cells for small yard. Plaintiff's bunkie left the cell and went to small yard.

27. At about 1430 hours Guard (John Doe) opened Plaintiffs' cell door, after inmate Hoskins #202527 opened Plaintiff's cell window flap (the way inmates show the bubble guard they want the cell door opened, that they are standing by). (This fact clearly establishes that the bubble guard knew Hoskins enter plaintiffs' cell). Once Hoskins entered the cell the bubble guard immediately

6

closed the cell door. Plaintiff could hear people laughing over the loud speaker and a guard said: "get him good."

28. Hoskins pulled out a knife and physically and sexually assaulted Plaintiff from about 1430 to 1450 hours. Plaintiff was told by Hoskins that he "was sent by Rubley and Welch to fuck him up and make Plaintiff lock up" (Go to segregation). Hoskins stated: "I'm getting paid to do what I love to do."

29. After Plaintiff was physically and sexually assaulted. During half time Defendant Welch approached Plaintiff's cell door and opened it manually letting Hoskin leave out Plaintiff's cell. Welch smiled when Hoskins said "Thanks boss man" Welch smiled and stated: "Ready to lock up rat, rapist?" We warned you, now pack your shit and be gone better dinner or else."

30. At dinner time, Plaintiff attempted to go to segregation by request. Sgt Fox and Rubley laughed and Rubley stated: "It's to late for that now."

31. Plaintiff went back to his cell and packed all of his property. Approximately 1840 hours, Plaintiff's cell door was opened via the bubble guard. Plaintiff grabbed his property bags and walked out the cell towards the unit bubble.

32. Rubley, Welch and other guards were standing on base in front of the bubble watching inmate Hoskins walk toward Plaintiff with an object in his hand.

33. As inmate Hoskins approached Plaintiff, he stated "They want me to finish the job." Hoskins swung at Plaintiff physically assaulting him.

34. There was no reason for Hoskins to be on B lower. Staff should not have allowed him to walk past them to a wing he was not assigned.

35. Subsequently guards rushed to the incident and ordered Plaintiff to get on the ground. Plaintiff complied with the order and he was handcuffed on the ground in the prone position. Defendant Rubley lifted Plaintiff's head and punched him in the face, causing a busted lip, nose and a concussion. Rubley then shoved his finger into Plaintiff's anus.

7

36. Plaintiff was taken to segregation, staff allowed inmates to take all Plaintiff's property. Plaintiff's property was not properly secured by staff.

## LEGAL CLAIMS

1. Defendants Moyer and Blackman failed to protect Plaintiff after kites were sent notifying them of Plaintiff's security and safety issues. see Appendix A. Plaintiff was viciously assaulted by a inmate and a guard causing physical injury and emotional distress.

2. Defendant (John Doe) Guard failed to protect Plaintiff by opening Plaintiff's cell door at about 1430 hours allowing inmate Hoskins to enter the cell to viciously sexually and physically assault Plaintiff. Guard (John Doe) opened Plaintiff's cell door allowing an second assault on B lower wing, causing physical injury and emotional distress.

3. Defendants Rubley and Welch failed to protect Plaintiff from the assault that occurred on B lower wing by inmate Hoskins, causing physical injury and emotional distress.

4. Defendant's Rubley and Welch retaliated against Plaintiff for exercising his First Amendment rights to report excessive use of force used by guards on inmates. By paying inmate Hoskins to sexually and physically assault Plaintiff. see Appendix C. Their actions caused Plaintiff physical injury and emotional distress.

5. By threatening Plaintiff with physical violence for reporting Rubley and other staff. Defendants Stomp, Rubley and Welch retaliated against Plaintiff for exercising his First Amendment rights causing emotional distress.

6. Defendants Rubley, Welch, and Guard (John Doe) conspired with each other to set up the Plaintiff to be sexually and physically assaulted inside the Plaintiff's cell. Subsequently ~~~~ the same Defendants

8

conspired with each other to set up the second attack on Plaintiff by inmate Hoskins on B lower wing. Causing physical injury and emotional distress.

7. Defendants Rubley, Welch and Guard (John Doe) failed to protect Plaintiff from both assaults by inmate Hoskins on March 26, 2020. Causing physical injury and emotional distress.

8. Defendants Rubley and Welch used excessive force by paying inmate Hoskins to sexually and physically assault Plaintiff. Causing physical injury and emotional distress.

9. Defendant Rubley used excessive force by physically and sexually assaulting Plaintiff causing physical injury and emotional distress.

10. Defendant Rubley retaliated against plaintiff for exercising his first Amendment right by reporting the excessive use of force used on an inmate by the guards. Rubley physically and sexually assaulted Plaintiff causing physical injury and emotional distress.

11. Defendant Stump conspired with other Defendants to get Plaintiff assaulted and to cover up the excessive use of force used on the inmate Plaintiff reported. Causing physical injury and emotional distress.

9

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully prays that this court enter judgment:

A. Declare that Defendant's violated Plaintiff rights under the Constitution and laws of the United States.

B. Award compensatory damages to Plaintiff for his physical and emotional injuries in the amount of 350,00.00 as to each defendant; and

C. Award punitive damages against each defendant in the amount of $350,00.00.

D. Award recovery of any and all cost related to this suit, and Any additional relief this court deems just, proper and equitable.

PLAINTIFF DEMANDS JURY TRIAL

Dated: March 7, 2023

Respectfully Submitted,

Ikeie Smith

Ikeie Smith #369273
Baraga Corr. Fac.
13924 Wadaga Rd.
Baraga, MI 49908

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as matters alleged on information and belief, and as to those, I believe to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Subscribed and sworn to before me
This 7th day of March 2023

JOHN GIBSON
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Jul 23, 2028
ACTING IN COUNTY OF Baraga

Ikeie Smith
Ikeie Smith #369273
Baraga Corr. Fac.
13924 Wadaga Rd.
Baraga, MI 49908

10