UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IKEIE SMITH #369273, | NO. 1:22-cv-925 |
| Plaintiff, | |
| v | HON. PAUL L. MALONEY |
| RAY RUBLEY, LLOYD BLACKMAN, LIZA MOYER, GARY STUMP, and BRANDON WELCH, | MAG. JUDGE PHILLIP J. GREEN |
| Defendants. | |
| Ikeie Smith #369273<br>*In Pro Per*<br>Baraga Correctional Facility<br>13924 Wadaga Road<br>Baraga, MI  49908 | Adam P. Sadowski (P73864)<br>Assistant Attorney General<br>Attorney for MDOC Defendants<br>Michigan Dept. of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-3055<br>Sadowskia1@michigan.gov |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME Defendants, by counsel, under Fed. R. Civ. P. 8(b), and file this answer to Plaintiff's Amended Complaint, by like-numbered paragraphs, along with affirmative defenses and a jury demand, stating as follows:

**DEFENDANTS**

1. Defendants admit the allegations as true.

2. Defendants admit that Ray Rubley is a Corrections Officer currently employed by the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility.

3. Defendants admit that Brandon Welch is a Corrections Officer currently on military leave with the MDOC and had previously worked at the Bellamy Creek Correctional Facility.

4. Defendants admit that Lloyd Blackman was a Corrections Officer formerly employed by the MDOC at the Bellamy Creek Correctional Facility.

5. Defendants admit that Liza Moyer is an Inspector currently employed by the MDOC at the Bellamy Creek Correctional Facility.

6. Defendants admit that Gary Stomp is a Sergeant currently employed by the MDOC at the Bellamy Creek Correctional Facility.

7. Defendants state that the allegations are legal conclusions to which no response is necessary.

8. Defendants admit that they acted under color of state law for their work for the MDOC.

## EXHAUSTION

Defendants deny these allegations as untrue.

## STATEMENT OF FACTS

1. Defendants admit these allegations as true.

2. Defendants admit that there was an altercation but deny Plaintiff's version of events and affirmatively state that Plaintiff was charged and found guilty of a misconduct related to the incident.

3. Defendants deny these allegations as untrue.

4. Defendants deny these allegations as untrue.

5. Defendants deny these allegations as untrue.

6. Defendants deny these allegations as untrue.

7. Defendants deny these allegations as untrue.

8. Defendants deny these allegations as untrue.

9. Defendants deny these allegations as untrue.

10. (Marked as 16) Defendants deny these allegations as untrue.

10. Defendants deny these allegations as untrue.

11. Defendants deny these allegations as untrue.

12. Defendants deny these allegations as untrue.

13. Defendants deny these allegations as untrue.

14. Defendants admit that on March 10, 2020 that Plaintiff was sent to Unit 5 in general population after leaving segregation.

15. Defendants deny these allegations as untrue.

16. Defendants deny these allegations as untrue.

17. Defendants deny these allegations as untrue.

18. Defendants deny these allegations as untrue.

19. Defendants admit that there are multiple officers per shift in each housing unit and that these officers often perform rounds to maintain security in the facility.

20. Defendants admit that certain wings are released at different times but state that prisoners from other wings can still be released for various reasons.

21. Defendants admit that that each unit is divided into different areas and that officers monitor the units to maintain security. Defendants deny the remaining allegations as untrue.

22. Defendants admit that both inmate Hoskins and Plaintiff were in B wing in Unit 5 but deny the remaining allegations as untrue.

23. Defendants deny these allegations as untrue.

24. Defendants deny these allegations as untrue.

25. Defendants deny these allegations as untrue.

26. Defendants deny these allegations as untrue.

27. Defendants deny these allegations as untrue and Defendants affirmatively state that the fight between Hoskins and Plaintiff did not occur in Plaintiff's cell.

28. Defendants deny these allegations as untrue.

29. Defendants deny these allegations as untrue.

30. Defendants deny these allegations as untrue.

31. Defendants deny these allegations as untrue.

32. Defendants deny these allegations as untrue.

33. Defendants deny these allegations as untrue.

34. Defendants deny these allegations as untrue.

35. Defendants deny these allegations as untrue.

36. Defendants deny these allegations as untrue.

## LEGAL CLAIMS

1. Defendants deny these allegations as untrue.

2. Defendants deny these allegations as untrue.

3. Defendants deny these allegations as untrue.

4. Defendants deny these allegations as untrue.

5. Defendants deny these allegations as untrue.

6. Defendants deny these allegations as untrue.

7. Defendants deny these allegations as untrue.

8. Defendants deny these allegations as untrue.

9. Defendants deny these allegations as untrue.

10. Defendants deny these allegations as untrue.

11. Defendants deny these allegations as untrue.

## RELIEF REQUESTED

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this cause of action in its entirety with prejudice, and award Defendants costs and attorney fees incurred in the defense of this action. Defendants also request that this Court grant such other and further relief as may be equitable and just.

## AFFIRMATIVE DEFENSES

Defendants, by counsel, and pursuant to Fed. R. Civ. P. 8(c), asserts the following affirmative defenses:

1. Plaintiff may not have properly exhausted his administrative remedies.

2. Plaintiff's federal claims against Defendants are barred in whole or in part by qualified immunity because Defendants' conduct did not violate clearly

established statutory or constitutional rights of which a reasonable person would have known.

3. Plaintiff has failed to mitigate his damages.

4. To the extent that any of Plaintiff's claims relate to previous lawsuits or misconducts, Plaintiff's claims are barred by the doctrines of estoppel and/or res judicata.

5. Some or all of Plaintiff's claims are barred by the statute of limitations.

6. Service and/or process was not properly completed on some or all of the Defendants.

7. Some or all of Plaintiff's losses and damages, if any, were caused by his own conduct and/or the conduct of third parties and are not attributable to the Defendants.

8. Defendants reserve the right to set forth additional affirmative defenses that may become known through discovery or other means, and in response to any claims or additional forms of relief that Plaintiff may add.

## DEFENDANTS' JURY DEMAND

Defendants, by counsel, and pursuant to Fed. R. Civ. P. 38(b), hereby demand a trial by jury in the above cause.

Respectfully submitted,

*/s/Adam P. Sadowski*
Adam P. Sadowski (P73864)
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
(517) 335-3055
Sadowskia1@michigan.gov

Date: April 17, 2024

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 17, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel and placed same in U.S. mail to the following non-ECF participant:

Ikeie Smith #369273
Baraga Correctional Facility
13924 Wadaga Road
Baraga, MI  49908

                                        */s/ Adam P. Sadowski*
                                        Adam P. Sadowski (P73864)
                                        Assistant Attorney General
                                        Attorney for MDOC Defendants