UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED - GR
September 16, 2024 1:23 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: KB 9-16

IKEIE SMITH,
 Plaintiff,

v

RAY RUBLEY et al.,
 Defendants,

Case no. 1:22-cv-925
Hon. Paul L. Maloney
Mag. Phillip J. Green

## MOTION TO HOLD MICHIGAN DEPARTMENT OF CORRECTIONS IN CONTEMPT

Now comes, Ikeie Smith, Plaintiff, hereby moves this court to enjoin Defendant from a policy that is designed to impinge upon Plaintiff's meaningful access to court, in the entitled cause; and in support avers:

1. The above entitled cause of action was initiated under 42 USC § 1983.

2. It is undisputed that Plaintiff is a ward of the Michigan Department of Corrections, (MDOC) under guard of

3. This court has authority to issue all writs necessary or appropriate for the administration of justice. (28 USC § 1651).

4. It is the rule of the court to provide relief to claimants, in individual or class actions, who have suffered or will imminently suffer, actual injury.

1

(Lewis v Casey, 518 U.S. 343, 349 (1996)); e.g., lost, rejected or impeded legal claim (Id. at 353-354 (FN4); complaint dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prisoners legal assistance facilities, he could not known; or suffering arguably actionable harm that he wished to bring before the court, but so stymied by inadequacy of the law library that he was unable to file a complaint. (Id. at 351-352). It is for the court to remedy past or imminent official interference with individual inmates presentation of claims to the court. (Id. at 349). Once an inmate demonstrates harm from one particular inadequacy in government administration, the court is authorized to remedy all inadequacies in that administration. The remedy, of course, be limited to the inadequacy that produced the injury-in-fact that the Plaintiff has established. (Id. at 357).

5. As of September 2021, Plaintiff has been classified to administrative segregation, for an indefinite time, as defined by MDOC policy directive 04.05.120 Segregation standards, page 03 administrative segregation, paragraph Q. (cf. Lewis at 347) (Lockdown prisoners described). Segregated prisoners are generally unemployable.

6. Through MDOC policy directive 05.03.115, law libraries, Heidi Washington, MDOC Director and Chief Administrative Officer and supervisor of Defendants, had required wardens, statewide to remove correctional facilities law library collection, among other references/research materials, hard cover paper copies of federal and state case law, statutes, constitutions, and Mich. ct. R (federal), due to MDOC's reliance upon the electronic law library (ELL) system to need these needs. (Appendix A: Director office memorandum 2015-23).

2

7. The ELL is installed in the law library of each prison, as well as, other locations deemed necessary by Adrian Dirshen; MDOC Policy Directive 05.03.115, page 1, General Provisions, paragraph B.) There no obligations financially upon general population prisoners to access the ELL.

8. Similiar to "Lockdown Prisoners" described in Lewis, at 347, Michigans administrative segregation prisoners may not go to the facility's law library. (MDOC policy directive 05.03.115, page 3, Limitation on Direct Access to Law Library, segregation, paragraph P.) Instead of installing the ELL system in Administrative segregation Housing Units, Dirshen; C.F.A. S.A.C had restricted segregated prisoners to an ability to pay facilities ten cents ($0.10) a page for photocopies of authorities from the ELL. An inability to pay is a complete denial of access (Appendix B: MDOC memorandum, by Regina Kemp; AMF Librarian (April 13, 2022), interpreting MDOC policy directive 05.03.115, supra and 05.03.116, Prisoner Access to the Court, page 3, paragraph N.)

9. Defendant contends, nevertheless, to have met constitutional obligations by offering access to the prisoner [Legal Writer] (comparable to a prisoner legal assistant as described by MDOC Policy Directive 05.03.115, page 3 Legal writer, paragraphs, S-W).

> The fundamental constitutional right of access to the court require prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries [or] adequate assistance from prisoners trained in law.

Lewis, at 346 citing Bounds v Smith, 430 US 817, 828 (1977).

10. In Lewis the court clarified:

> The Constitution does not require that prisoners ... be able to conduct generalized research, but only that they be able to present their grievances to the court -- a more limited capability that can be provided by a much more limited degree of legal assistance programs are not ends in themselves, but only the means for ensuring "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts (Id. citing Bounds, at 823).

11. The legal writer program is to provide assistance, on matters relating to criminal convictions or conditions of confinement, to prisoners in correctional facility institutions, not represented by counsel, unable to effectively help themselves by using the law library or other available legal resources, and meet the criteria in paragraph T. There is no attorney-client privilege between the legal writer program and a prisoner receiving assistance. Assistance does not include an on demand legal advice source nor research of individual cases to determine what issues should, or should not be raised. (MDOC policy directive 05.03.116, page 03-04, Legal Writer Program, paragraph S and T); (Appendix C: Legal writer program-client memoradum (Dec. 28, 2023) interpreting MDOC Policy Directive Id.) FN1

12. The legal writer is a hired prisoner who shall prepare all necessary pleadings, motions, and other documents, [based on the research by the prisoner seeking assistance], under the direction of the off-cite private attorneys under contact with MDOC. Dissatisfied prisoners has the right to draft and submit

---

Footnote (FN)1: MDOC Policy Directives that are nonexempt from FOIA are accessible, without financial obligations on the government website: www.MDOC.gov.

their own documents to the court, (MDOC Policy directive, Id; Appendix D: i.e., if those segregated prisoners are able to pay the states fee for photocopies of authorities from the ELL. (Ref. paragraph 8, supra.)

13. It is requested of this court to take judicial notice (F.R.E. 201(b)) that federal courts require parties to comply with and cite authorities; court rules, local rules, administrative rules, statutes, federal case law, constitutions, etc., in pleadings, motions, replys, petitions, and briefs governing a subject in question to navigate in every court of the judicial system, (e.g. Fed. app. R 28 (A)(3); Lyon v Stovall, 188 F.3d 327, 342 (FN 4) (cir __, 1999) (must claim alleged violations of presumption of innocence infringed upon 14th amendment right to a fair trial); and (Koontz v Glossa, 731 F.2d 365, 369) (cir __, 1984) (while the Plaintiff in this case, at bar, did not specify a precise constitutional amendment by number in his 1983 civil action, he did specify in substance, the rights afforded by the constitution, which he claimed to had been violated).

14. MDOC's statewide policy directive to subject ~~prisoners to~~ twenty-four hour lockdown, employmentless, indefinitely segregated prisoners to an ability to pay system is not theoretical, but a manifest abridgment or impairment of segregated prisoners right to apply to a federal court and to litigate a civil action, contrary to Bounds at 822 citing Ex Parte Hall, 312 US 546 (1941) - in opposition to Defendants; prison officials constitutional obligation to provide indigent inmates with access to the reasonably adequate facility law library for preparation of legal actions. (Bounds, at 829 citing Wolff v Mcdonnell, 418 US 539, 578-579 (1974); a means to comply with citation requirements and

Fed. Rules Civ. Proc. 8(A)(i),(3); a means to research such issues as jurisdiction, venue, standing, exhaustion of remedies, proper parties; plaintiff and defendant, types of relief available; a means to know what the law is in order to determine whether a colorable claim exist. And if so, what facts are necessary to state a cause of action; upon the state filing an response to a Pro Se pleading or filing a motion for summary judgment, a means to research authorities cited by the state for purpose of rebuttal, and a means to learn current information - whether new court decisions might apply retroactively to invalidate convictions. (Bounds, at 825-826 (FN.14)).

15. General Population prisoners are entitled to access the ELL without financial charge. When law library schedule is mixed, Photocopies of ELL materials is forwarded to general population prisoners without a financial charge.

16. Between MDOC's ability-to-pay system and the legal writer's program non-assistance with citation requirements and research of authorities. It appears that MDOC not merely failed to satisfy, but wholly abandoned the constitutional obligation to provide [indigent] segregated prisoners with meaningful access to the facility law library for preparation of legal actions, contrary to Bounds, at 829 citing Wolff v McDonnell, supra, in favor of singling out generally unemployable segregated prisoners on account of proverty, (Lewis, at 372 (FN3)(cf. paragraphs 6,9, and supra).

17. Plaintiff had been fortunate enough to be able to pay for copies to do partial research. Appendix __: MDOC legal photocopy disbursement(s). Funds are not unlimited however. Adequate research to satisfy the courts citation of authority requirement is not possible under MDOC's ability

6

to pay SCHEME to read the law. The financial burden is more than non-indigents could afford, resulting in abridgment or impairment to Plaintiffs' right to fairly present a rebuttal to the Defendants motion for summary judgment. (ECF No. 73) It is requested of the court to take judicial notice, (FRE. 201(b), that the citation-of-authority requirement is opined to be essential to the adversarial process "Even the most dedicated trial judges are bound to overlook meritorious cases without the benefit of an adversary presentation." (Bounds, at 826).

18. This court has standing to hold MDOC in contempt upon a showing that MDOC; prison officials failed to comply with access to the court requirements held in Bounds, supra, that resulted or will result in injury/harm to Plaintiff. (Lewis, at 349-351). Standing is satisfied in paragraph 5 through 7, supra.

19. The scope of contempt is dictated by the extent of the violation established. If there has been a system/state wide impact, there maybe a system/statewide remedy (Lewis, at 359-360). The requirement for system/statewide relief is shown in paragraph 6 supra.

## SUMMARY

This is not a motion nor request for extention of time. This motion has been filed specifically to ask this Court to order the MDOC to allow Plaintiff access to federal case law free of charge while in segregation. Defendants have file motion for summary judgment. Plaintiff can not read any of the cases cited in defendants brief, nor does he have free access to find case law to support his legal conclusions. Smith has been offered a legal writer, however the legal writer does not do research. Research is needed to reply to defendants motion for summary judgment.

# PROPOSED RELIEF

It is requested of this Court to:

(A) Declare unconstitutional MDOC's pay to read case law scheme.

(B) Declare unconstitutional MDOC Policy Directive 05.03.115, paragraph P Attachment A requirement barring Plaintiff, and similarly situated segregated prisoners from access/reading case law.

(C) Enjoin MDOC from enforcing MDOC Policy Directive 05.03.115 paragraph P Attachment A requirement barring Plaintiff, and similarly situated segregated prisoners from accessing/reading case law.

(D) Immediately order MDOC to provide segregated prisoners with access to the same authorities available to general population prisoners.

(E) Declare MDOC's statewide ability to pay scheme is a demonstration of malice.

Dated: September 10, 2024

Respectfully Submitted
Ikeie Smith
Ikeie Smith #369223
Baraga Corr. Fac.
Baraga, MI 49908

8

## Certificate of Service

I hereby certify that on September 10, 2024, I placed in the mail, first class postage, fully prepaid to Clerk of the Court and Attorney General: Motion for extention of time for reply to defendants motion for summary judgment and Motion to hold Michigan department of corrections in comtempt.

I certify that the statements above are true.

Respectfully Submitted,
Ikeie Smith
Ikeie Smith
Baraga Corr. Fac.
13924 Wadaga Rd
Baraga, Mi 49908

Ikeie Smith #369773
Baraga Corr. Fac.
13924 Wadaga Rd.
Baraga, Mi 49908



U.S. District Court
Clerk of the Court
399 federal building
Grand Rapids, Michigan 49503