UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| IKEIE SMITH, #369273, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:22-cv-925 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| RAY RUBLEY, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

Plaintiff Ikeie Smith, a prisoner under the control of the Michigan Department of Corrections, alleges the Defendants violated his civil rights. Defendants filed a motion for summary judgment (ECF No. 72). The Magistrate Judge issued a report recommending the motion be granted in part and denied in part (ECF No. 90). Plaintiff filed objections (ECF No. 91) and Defendants filed a response (ECF No. 93).

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A. Failure to Protect

Plaintiff alleges Defendants Moyer, Blackman and others failed protect him from an assault by inmate Hoskins. The Magistrate Judge recommends granting the motion for the claim against Defendant Moyer and Blackman because Plaintiff did not present any evidence that the two defendants had a reason to believe that Plaintiff might get assaulted by inmate Hoskins (R&R at 14 PageID.605).

Plaintiff objects and identifies evidence in the record allegedly putting Moyer and Blackman on notice. Plaintiff filed a verified amended complaint (ECF No. 21 Compl.). Plaintiff pleads that while he was in segregation, two inmates stated that Defendants Rubley and Welch were offering to pay inmates to hurt Plaintiff when Plaintiff left segregation and returned to the general population (*id.* PageID.114). On February 14, Plaintiff wrote kites detailing this information Moyer and Blackman (*id.* PageID.115; ECF No. 21-4 PageID.130). The kites identified the two prisoners who Rubley and Blackman allegedly offered to pay to hurt Plaintiff (ECF No. 21-4 PageID.130). Plaintiff returned to general population on March 10 (Compl. PageID.115). In the R&R, the Magistrate Judge summarized the allegations in the complaint regarding a conversation with Blackman on March 26.

> Specifically, Plaintiff informed Blackman that he learned from inmate Lloyd that Defendants Rubley and Welch had paid Lloyd and another inmate, Hoskins, to assault Plaintiff. Lloyd backed out, but Hoskins had decided to "do the job alone." Plaintiff requested "immediate protective custody or to be moved out of the unit." Defendant Blackman refused Plaintiff's request stating "we not moving you because of issues with staff, you should have kept your mouth shut, deal with the consequences, you did this to yourself."

(R&R at 4 PageID.595).

For the failure to protect claim against Defendant Moyer, the Court will deny Plaintiff's objection. Plaintiff notified Moyer of a potential threat to Plaintiff's safety in mid-February and identified two inmates, neither of whom attacked Plaintiff. Plaintiff returned to general population for about two weeks before he was attacked by a different inmate. The attack occurred about six weeks after Plaintiff sent the kite to Moyer. Plaintiff has not put any evidence in the record that, after he returned to general population, he informed Moyer of any potential threat by the individual who attacked Plaintiff.

For the failure to protect claim against Defendant Blackman, the Court will uphold Plaintiff's objection and will reject the Magistrate Judge's recommendation. Plaintiff has put evidence in the record that, on the day of the attack, he told Blackman about the threat and identified the potential attacker by name. Blackman's reaction to Plaintiff's information allows the inference that Blackman understood the threat and declined to take action.

### B.  Conspiracy

Plaintiff pleads that Defendants Rubley, Welch and Stomp conspired to violate Plaintiff's rights. The Magistrate Judge recommends granting Defendants' motion for summary judgment on the conspiracy claim. The Magistrate Judge concludes (1) Plaintiff presented only assertions and no evidence to support the elements of a conspiracy and (2) Plaintiff did not allege that the defendants were acting outside the scope of their employment (R&R at 18 PageID.609).

Plaintiff objects. Plaintiff argues that he submitted an affidavit from his attacker, inmate Hoskins. Hoskins states that Rubley, Welch and Williams told Hoskins to attack Plaintiff, threatened Hoskins if he refused, and offered to pay Hoskins money (ECF No. 86-

7 PageID.556).  Hoskins states that on March 26, Rubley came to Hoskins cell and told him to get ready (*id.* PageID.557).  After Hoskins attacked Plaintiff in Plaintiff's cell, Welch came to the cell and manually opened the door to let Hoskins out (*id.* PageID.558).  Plaintiff contends this evidence establishes the elements of a conspiracy (a plan, a shared objective, and an overt act) and also establishes that Defendants were not acting in the scope of their employment.

The Court will uphold Plaintiff's objection and will reject the Magistrate Judge's recommendation for Rubley and Welch.  For Stomp, the Court will adopt the Magistrate Judge's recommendation as Plaintiff's evidence does not establish that Stomp participated in the conspiracy.

Accordingly, the Court **ADOPTS IN PART and REJECTS IN PART** the Report and Recommendation (ECF No. 90).  Consistent with the discussion above, the Court adopts the R&R, with two exceptions.  The Court rejects the recommendation to dismiss the failure to protect claim against Defendant Blackman.  The Court also rejects the recommendation to dismiss the conspiracy claim against Defendants Rubley and Welch.  The Court, therefore, **GRANTS IN PART and DENIES IN PART** Defendants' motion for summary judgment (ECF No. 72).  **IT IS SO ORDERED.**

Date:   December 11, 2024                                                       /s/  Paul L. Maloney
                                                                                                 Paul L. Maloney
                                                                            United States District Judge