UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IKEIE SMITH #369273,

    Plaintiff,

v

RAY RUBLEY, LLOYD BLACKMAN, LIZA MOYER, GARY STUMP, and BRANDON WELCH,

    Defendants.

NO. 1:22-cv-925

HON. PAUL L. MALONEY

MAG. JUDGE PHILLIP J. GREEN

---

Joshua Goodrich, J.D., LL.M. (P83197)
Attorney for the Plaintiff
Lighthouse Litigation PLLC
5208 W Saginaw Hwy., 81142
Lansing, MI 48917
Phone (269) 312-7435
Fax (646) 356-7044
jsgoodrich@lighthouse-litigation.com

Adam P. Sadowski (P73864)
Assistant Attorney General
Attorney for Defendants
Michigan Dept. of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Sadowskia1@michigan.gov

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for February 26, 2025 at 11:00 a.m. before Hon. Phillip J. Green. Appearing for the parties as counsel will be Assistant Attorney General Adam Sadowski for Defendants Blackman, Rubley, Welch, and Stomp, and Attorney Joshua S. Goodrich for Plaintiff.

    1.    <u>Jurisdiction</u>: The basis for the Court's jurisdiction is: 42 U.S.C. §§ 1331, 1983, and 1988.

    2.    <u>Jury or Non−Jury</u>: This case is to be tried before a jury.

3. <u>Judicial Availability</u>: The parties have not agreed to have a United States Magistrate Judge conduct the trial.

4. <u>Statement of the Case</u>: Plaintiff is a confined state prisoner with the Michigan Department of Corrections (MDOC) and alleges Eighth Amendment claims for failure to protect against Defendants Blackman, Rubley, and Welch; Eighth Amendment excessive force claims against Defendant Rubley and Welch; First Amendment retaliation claims against Defendants Rubley, Welch, and Stomp; and, conspiracy claims against Defendants Rubley and Welch. Defendants deny any violations of Plaintiff's constitutional rights.

5. <u>Prospects of Settlement:</u> The status of settlement negotiations is: The prospects of settlement seem unlikely at this time. However, the parties have agreed to further discuss settlement in the future.

6. <u>Pendent State Claims</u>: This case does not include pendent state claims.

7. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties do not anticipate the need to amend the pleadings.

   a. <u>Plaintiffs Position:</u> Plaintiff notes that a standing issue remains regarding the identification and service of Sgt. John Doe, named in the Amended Complaint (ECF-15). To date, this individual has not been identified or served, and Defendant did not address this party in their Answer to the Amended Complaint (ECF-53). Plaintiff seeks to preserve this issue for potential resolution.

      b. <u>Defendants Position:</u> Defendant maintains that the applicable statute of limitations has expired and that the naming of a John Doe does not allow for relation back under the relevant legal standards. Accordingly, Defendant objects to any further efforts to identify or add this individual as a party.

8. <u>Discovery:</u> The parties are engaging in document production and Plaintiff anticipates sending subpoenas for documents but no further discovery would be warranted.  The parties could have this limited discovery completed within 90 days.

9. <u>Disclosure or Discovery of Electronically Stored Information:</u> The parties do not anticipate any issues.

10. <u>Assertion of Claims of Privilege or Work‒Product Immunity After Production:</u>  The parties do not anticipate any issues and are working on a stipulated protective order for exchanging sensitive information/documents.

11. <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or pro se parties involved in the dispute shall confer in a good faith effort to resolve the dispute.  In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.  The parties do not anticipate any significant motions at this time other than motions in limine as trial approaches.

12. <u>Alternative Dispute Resolution</u>: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: Settlement Conference with the Magistrate Judge after documents have been exchanged.

13. <u>Length of Trial</u>: Counsel estimate the trial will last approximately 3-4 days total, allocated as follows: 2 days for Plaintiff's case and 2 days for Defendants' case.

14. <u>Other</u>: Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

N/A

Respectfully submitted,

*/s/ Joshua S. Goodrich*  
*Joshua S. Goodrich, J.D., LL.M.*  
Attorney for the Plaintiff

*/s/ Adam P. Sadowski*  
Adam P. Sadowski  
Assistant Attorney General  
Attorney for Defendants

4