UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IKEIE SMITH #369273,

    Plaintiff,

v.                                        Case No. 1:22-cv-00925-PLM-PJG

RAY RUBLEY,                         HON. PAUL L. MALONEY

    Defendants.
_____/

## TRIAL CASE MANAGEMENT ORDER

**IT IS HEREBY ORDERED:**

| | |
|---|---|
| Trial Date and Time<br><br>Before: Paul L. Maloney | July 15, 2025<br>8:45 AM<br><br>174 Federal Bldg<br>410 W. Michigan Ave<br>Kalamazoo, MI 49007 |
| Jury or Non Jury | Jury |
| Estimated Length of Trial | 4 days |
| Completion of Limited Discovery: | May 26, 2025 |
| Requests for Production of Documents will be limited to: (Per Side) | 10 per side |
| Settlement Conference<br><br>City:<br>Date:<br>Time: | Hon. Phillip J. Green<br>499 Federal Building<br>110 Michigan St NW<br>Grand Rapids, MI<br>May 29, 2025<br>10:30 AM |
| Final Pretrial Conference            Date:<br>Before Judge                   Paul L. Maloney Time: | June 23, 2025<br>9:30 AM |
| ADR To Take Place On Or Before: | None at this time |

1. <u>TRIAL DATE AND SETTING</u>:  This case is scheduled for trial before the Honorable Paul L. Maloney, 174 Federal Building, 410 W. Michigan Ave, Kalamazoo, Michigan, as set forth above.

2. <u>DISCOVERY</u>:  All discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date.  All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery.  All depositions must be completed before the close of discovery.  Interrogatories will be limited as set forth in the table above.  Depositions will be limited as set forth in the table above.  There shall be no deviations from this order without prior approval of the court upon good cause shown. Time limitations for depositions set forth in Rule 30(d)(1) apply to this case.

3. <u>MOTIONS</u>:

   a. Non-dispositive motions shall be filed in accordance with W.D. Mich. LCivR. 7.3.  They will be referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).  In accordance with 28 U.S.C. § 471, et seq., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

   b. Dispositive motions shall be filed in accordance with W.D. Mich. LCivR 7.2 by the date set forth in the table above.  If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, only those excerpts which are relevant to the motion shall be filed.   The case manager will notify counsel of the date for oral argument.  **Pursuant to Administrative Order 07-026, one courtesy copy of all dispositive motion papers (including responses and replies) and all accompanying exhibits must be submitted directly to the judge's chambers on paper.  The copy must be hand-delivered or sent via first class mail the same day the document is e-filed.**

   c. The parties are strongly encouraged to file motions in limine at least fourteen (14) calendar days prior to the final pretrial conference, but in no event shall they be filed later than the date for the submission of the proposed Final Pretrial Order.

4. <u>ALTERNATIVE DISPUTE RESOLUTION</u>:  No form of ADR will be ordered at this time

5. <u>SETTLEMENT CONFERENCE</u>:  The parties are under an ongoing obligation to engage in good faith settlement negotiations.  A settlement conference has been scheduled before the magistrate judge as set forth above.

   a. <u>Persons Required to Attend</u>.  Unless excused by a showing of good cause, the attorney who is to conduct the trial shall attend the settlement conference, accompanied by a representative of the party with full settlement authority.  Both shall attend in person.  The person with settlement authority must come cloaked with the authority to accept, without further contact with another person, the settlement demand of the opposing parties.  An insured party shall also appear by a representative of the insurer who is authorized to

negotiate and to settle the matter (within policy limits) up to the amount of the opposing parties' existing settlement demand.  W.D. Mich. LCivR 16.8

b. <u>Settlement Letter to Opposing Party</u>.  A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals.  Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendants' counsel with a brief explanation of why such a settlement is appropriate.  No later than seven (7) days prior to the settlement conference, defendants' counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate.  This may lead directly to a settlement.  If settlement is not achieved, plaintiff's counsel shall deliver, via e-mail to greenmediation@miwd.uscourts.gov, copies of these letters to the chambers of the magistrate judge conducting the conference no later than three (3) business days before the conference.  Do not file copies of these letters in the Clerk's Office.

c. <u>Confidential Settlement Letter to Court</u>.  In addition, three (3) business days before the conference, each party or their attorney shall submit to the magistrate judge conducting the conference a confidential letter concerning settlement.  Letters shall be emailed to greenmediation@miwd.uscourts.gov.  A copy of this letter need not be provided to any other party.  Do not file a copy of this letter in the Clerk's Office.  All information in the settlement letter shall remain confidential and will not be disclosed to any other party without the approval of the writer.  The confidential settlement letter shall set forth: (a) the name and title of the party representative who will be present at the settlement conference, with counsel's certification that the representative will have full authority to settle, without the need to consult with any other party; (b) a very brief explanation of the nature of the case, including an identification of any parties added or dismissed since the time of filing; (c) a history of settlement negotiations to date, including all offers, demands and responses (the letter should not, however, divulge any offer made in the context of a voluntary facilitative mediation); (d) the policy limits of any relevant insurance coverage; (e) the limits on settlement authority given to counsel by the client; (f) that party's suggestions concerning the most productive approach to settlement; (g) any other matter that counsel believes will improve the chances of settlement.  Plaintiff shall also provide an estimated range of damages recoverable at trial and a brief analysis of the method(s) used for arriving at the estimate(s).

6. <u>FINAL PRETRIAL CONFERENCE</u>:  A final pretrial conference is scheduled at the date and time set forth above.

7. <u>PREPARATION OF PROPOSED FINAL PRETRIAL ORDER</u>:  A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed **seven (7) business days** prior to the final pretrial conference in the following form:

> A final pretrial conference was held on the ___ day of _____.  Appearing for the parties as counsel were:
>
> > (List the counsel who will attend the pretrial conference.)

1. <u>Exhibits</u>:  The following exhibits will be offered by the plaintiff and the defendants:

    (List separately for each party all exhibits, including demonstrative evidence and summaries of other evidence, but name and number.  Plaintiff shall use numbers; defendants shall use letters.  Indicate with respect to each exhibit whether and for what reason its admissibility is challenged.  Exhibits expected to be used solely for impeachment purposes need not be numbered or listed until identified at trial.  Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial.  Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown.  See Fed. R. Civ. P. 26(a)(3)(B).)

2. <u>Uncontroverted Facts</u>:  The parties have agreed that the following may be accepted as established facts:

    (State in detail all uncontroverted facts.)

3. <u>Controverted Facts and Unresolved Issues</u>:  The factual issues remaining to be determined and issues of law for the Court's determination are:

    (Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4. <u>Witnesses</u>:

    a. Non-expert witnesses to be called by the plaintiff and defendants, except those who may be called for impeachment purposes only, are:

        (List names, addresses, and telephone numbers of all non-experts who will testify.  Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript.  Indicate all objections to the anticipated testimony of each non-expert witness.  For each witness listed, indicate whether the witness **<u>will be</u>** called or merely **<u>may be</u>** called to testify.)

    b. Expert witnesses to be called by the plaintiff and defendants, except those who may be called for impeachment purposes only, are:

5. <u>Depositions and Other Discovery Documents</u>:

    All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendants area:

    (Designate portions of depositions by page and line number. Designate answers to interrogatories and requests for admissions by answer or request number. Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party. Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

  6. <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ full days, allocated as follows: _____ days for plaintiff's case; _____ days for defendants' case; _____ days for other parties.

  7. <u>Prospects of Settlement</u>: The status of settlement negotiations is:

    (Indicate progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance, and upon approval by the Court, with such additions as are necessary, will be signed by the Court as an order reflecting the final pretrial conference.

8. <u>MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE</u>: At the final pretrial conference, the parties and the Court will formulate a plan for trial, including a program for facilitating the admission of evidence, consider the prospects of settlement, and consider such other matters as may aid in the trial or other disposition of the action. Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the pretrial conference and shall be accompanied by a representative of the party with full settlement authority.

9. <u>PREPARATION FOR TRIAL</u>:

  a. Each party shall file the following not later than **two (2) business days** following the final pretrial conference:

    1. Proposed voir dire questions. The Court will ask basic voir dire questions. Counsel for the parties will be permitted to question prospective jurors. Questioning by counsel shall not be repetitive of questions asked by the Court or of questions asked in the juror questionnaire.

    2. Trial briefs.

  b. The parties shall jointly file the following not later than two (2) business days following the final pretrial conference:

    1. Proposed jury instructions. This Court uses Western District of Michigan's Standardized Jury Instructions for the preliminary and final instructions. A copy of these instructions is available on the Court's website (www.miwd.uscourts.gov).[1] The court generally uses O'Mally, Grenig, &

---

[1] The instructions can be located through the Attorney Information link or through the Electronic Filing section. If accessing through the Electronic Filing section, you will need to use your E-Filing Login and Password. Once you have logged into the

Lee's Federal Jury Practice and Instructions for those not covered in the standard set. All instructions, including those to which there is an objection, shall be filed as one document. Each instruction shall be submitted in full text, one instruction per page, and in the order to be read to the jury. Indicate those instructions with outstanding objections. No instruction submitted shall contain highlighting or blanks. If the language of a standardized instruction is modified, or an additional (non-standard) instruction submitted, the source of the additional language or instruction must be indicated. Objections to opposing counsel's proposed instructions, will be specified with a summary of the reasons for each objection including a citation to relevant legal authority.

The parties are required to submit a copy of the joint statement of the case and statement of the elements, joint proposed jury instructions, and joint proposed verdict form(s) in Word format to Judge Maloney's Judicial Assistant, Christina Cavazos at Christina_Cavazos@miwd.uscourts.gov and Case Manager, Amy Redmond at Amy_Redmond@miwd.uscourts.gov.

2. A joint statement of the case and statement of the elements that must be proved by each party. If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative statements shall be filed. The statement(s) of the case will be read to the prospective jurors during the jury selection. The elements that must be proved by each party will be included in the preliminary jury instructions.

Dated: February 27, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
UNITED STATES MAGISTRATE JUDGE

---

electronic filing section of the website, click Utilities, then select WDMI Attorney References and you will see the link to the Standard Civil Jury Instructions.