UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IKEIE SMITH #369273,

    Plaintiff,

v

RAY RUBLEY, LLOYD BLACKMAN, LIZA MOYER, GARY STUMP, and BRANDON WELCH,

    Defendants.

NO. 1:22-cv-925

HON. PAUL L. MALONEY

MAG. JUDGE PHILLIP J. GREEN

| | |
|---|---|
| Joshua S. Goodrich  (P83197)<br>Attorney for Plaintiff<br>Lighthouse Litigation PLLC<br>5208 W Saginaw Hwy, #81142<br>Lansing, MI 48917-1913<br>(269) 312-7435<br>jsgoodrich@lighthouse-litigation.com | Adam P. Sadowski (P73864)<br>Sara E. Trudgeon (P82155)<br>Assistant Attorney General<br>Attorney for MDOC Defendants<br>Michigan Dept. of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-3055<br>Sadowskia1@michigan.gov |

## MDOC DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE EVIDENCE BY THE PLAINTIFF REGARDING ISSUES ALREADY DECIDED IN MISCONDUCT HEARINGS

                                Adam P. Sadowski (P73864)
                                Assistant Attorney General
                                Attorney for MDOC Defendants
                                Corrections Division
                                P.O. Box 30217
                                Lansing, MI  48909
                                (517) 335-3055
                                Sadowskia1@michigan.gov

Date:  June 9, 2025

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should this Court find that Smith is precluded from testifying that his January 2, 2020 failure to disperse misconduct ticket was false and that the fight he had with inmate Hoskins was set up by MDOC staff because the hearing officers resolved those issues against Smith?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

*Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013)

## STATEMENT OF FACTS

Smith has received many misconduct tickets. (Ex. A, Misconduct Summary.) Smith has claimed that the ticket he received for failing to disperse on January 2, 2020, was false, but Smith was found guilty of that misconduct by an Administrative Law Judge. (Ex. B, 1/2/20 Misconduct Hearing Report.) Despite Smith's claim that the ticket was false, the ticket was not issued by any Defendant. (*Id.*) However, Defendant Welch did issue Smith a ticket for fighting on March 26, 2020. (Ex. C, 3/26/20 Misconduct Hearing Report.) In the hearing on that ticket, Smith's defense was that he claimed that prisoner Hoskins was sent by staff to assault him. (*Id.*) The Administrative Law Judge (hearing officer) specifically found that Smith "is not found to be credible in claiming staff sent Prisoner Hoskins to attack" Smith. (*Id.*) Smith was found guilty on the ticket, and it was not overturned and remains on his record. (Ex. A.)

These guilty findings, which occurred in a Class I misconduct hearing, are preclusive and Smith is not able to argue to the contrary as a matter of law. Defendants request that the Court preclude Smith from arguing that the January 2, 2020 ticket was false or that staff sent Hoskins to fight with Smith on March 26, 2020.

# ARGUMENT

I. **This Court should find that Smith is precluded from testifying that the January 2, 2020, ticket was false or that staff arranged to have Hoskins fight with Smith on March 26, 2020, because a hearing officer resolved those issues against Smith.**

Smith was found guilty on both the January 2, 2020, and March 26, 2020 misconduct tickets. The hearing officer on the January 2, 2020 failure to disperse ticket specifically found that Smith was guilty of the charge and that the facts as alleged were true. (Ex. B.) With regard to the March 26, 2020 misconduct ticket for fighting, Smith argued that "staff sent Hoskins down from B upper to attack prisoner." (Ex. C.) The hearing officer then found against Smith on the issue by finding that Smith was not credible. (*Id.*) These findings are entitled to preclusion effect. The Sixth Circuit has held courts should give preclusive effect to a hearing officer's findings if the findings meet certain standards. *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013).

Under *Peterson*, a hearing officer's decision will have preclusive effect if it meets four criteria. First, the agency must be acting in a judicial capacity. *Peterson v. Johnson*, 714 F.3d 905 at 912. Second, the hearing officer must have resolved a disputed issue of fact that was properly before it. *Id.* at 913. Third, the prisoner must have had an adequate opportunity to litigate the factual dispute at issue. *Id.* at 913. Finally, if the first three criteria are satisfied, then the Sixth Circuit looks to whether Michigan law would give a hearing officer's findings preclusive effect. *Id.* at 913. In *Peterson,* the Sixth Circuit concluded that hearings conducted by hearing officers ultimately have preclusive effect because they meet all four of the

criteria outlined above.  *Id.* at 917.  All the factors listed in *Peterson* are present in this case.  (ECF No. 52-2, PageID.270-272, Roberts Dep.  51:1-53:16.)  Smith does not get a second bite at the apple to contest the factual allegations of the misconduct tickets when he was found guilty.  Therefore, this Court should preclude Smith from presenting evidence that the January 2, 2020 misconduct ticket was false or that staff sent Hoskins to fight Smith with regard to the March 26, 2020 incident.

### CONCLUSION AND RELIEF REQUESTED

Defendants request that this Court find that Smith is precluded from testifying that the January 2, 2020 misconduct ticket was false or that staff sent Hoskins to fight Smith with regard to the March 26, 2020 incident because hearing officers resolved those issues against Smith.

Respectfully submitted,

*/s/Adam P. Sadowski*
Adam P. Sadowski (P73864)
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055
Sadowskia1@michigan.gov

Date:  June 9, 2025

3

## CERTIFICATE OF SERVICE

    I hereby certify that on June 9, 2025, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                                            */s/Adam P. Sadowski*
                                            Adam P. Sadowski (P73864)
                                            Assistant Attorney General
                                            Attorney for MDOC Defendants