UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IKEIE SMITH #369273,

    Plaintiff,

v

RAY RUBLEY, LLOYD BLACKMAN, LIZA MOYER, GARY STUMP, and BRANDON WELCH,

    Defendants.

NO. 1:22-cv-925

HON. PAUL L. MALONEY

MAG. JUDGE PHILLIP J. GREEN

Joshua S. Goodrich  (P83197)
Attorney for Plaintiff
Lighthouse Litigation PLLC
5208 W Saginaw Hwy, #81142
Lansing, MI 48917-1913
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

Adam P. Sadowski (P73864)
Sara E. Trudgeon (P82155)
Assistant Attorney General
Attorney for MDOC Defendants
Michigan Dept. of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055
Sadowskia1@michigan.gov

          /

**MDOC DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE REGARDING RULE 609 IMPEACHMENT ON CONVICTIONS AND <u>MISCONDUCT HEARING FINDINGS</u>**

Adam P. Sadowski (P73864)
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055
Sadowskia1@michigan.gov

Date:  June 9, 2025

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should this Court find that Defendants are permitted to impeach Smith and his witnesses with evidence of their convictions and misconduct guilty findings?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

*Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013)

## STATEMENT OF FACTS

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Plaintiff Ikeie Smith, a prisoner confined with the Michigan Department of Corrections (MDOC). The Defendants are Sergeant Gary Stump, retired Assistant Deputy Warden Lloyd Blackman, Corrections Officer Brandon Welch, and Corrections Officer Ray Rubley, who are or were employed by the MDOC at Bellamy Creek Correctional Facility (IBC) in Ionia, MI. Smith alleges many claims against the Defendants, including excessive force, sexual assault, First Amendment retaliation, failure to protect, and conspiracy. (Report, ECF No. 101, PageID.642.) The parties have competing versions of facts, where all Defendants deny Plaintiff's claims. (*Id.*)

A jury trial is scheduled in this matter for August 12, 2025. Smith has yet to identify his witnesses, as the Joint Final Pretrial Order is due June 16, 2025. (Order, ECF No. 105, PageID.662.) However, it is anticipated that Plaintiff and another inmate witness, Leroy Hoskins, will testify. Both Hoskins and Smith have numerous felony convictions. Pursuant to Federal Rule of Evidence 609, and the fact that Smith's convictions and crime are relevant, Defendants intend to impeach Plaintiff and each witness with their allowable felony convictions. Additionally, Smith has had many sexual misconduct tickets while in prison to which he has been found guilty. (Ex. A, Misconduct Summary.) These misconducts are relevant because Smith's conduct in prison was the same before and after the alleged incidents despite his claims for mental health damages. Further, it provides a basis

for why Hoskins wanted Smith out of the unit, as one can understand that not all prisoners would enjoy being in a unit with an inmate that is often exposing himself. Lastly, Smith's conduct against MDOC staff shows a clear bias against MDOC staff like the Defendants.

**Ikeie Smith**

Defendants intend to impeach Plaintiff Smith with evidence of 30 felony convictions. Those convictions are:

1. MCL 750.85: Torture (sentence of 25 to 40 years)
2. MCL 750.520C: Criminal Sexual Conduct, Second Degree (sentence of 10 to 15 years)
3. MCL 750.110A2: Home Invasion, First Degree (sentence of 12 to 20 years)
4. MCL 750.520B1C: Criminal Sexual Conduct, First Degree (sentence of 55 to 80 years)
5. MCL 750.530: Robbery Unarmed (sentence of 10 to 15 years)
6. MCL 750.520B1C: Criminal Sexual Conduct, First Degree (sentence of 55 to 80 years)
7. MCL 750.520B1C: Criminal Sexual Conduct, First Degree (sentence of 55 to 80 years)
8. MCL 750.520B1C: Criminal Sexual Conduct, First Degree (sentence of 55 to 80 years)
9. MCL 750.110A2: Home Invasion, First Degree (sentence of 12 to 20 years)
10. MCL 750.110A2: Home Invasion, First Degree (sentence of 12 to 20 years)

11. MCL 750.110A2: Home Invasion, First Degree (sentence of 12 to 20 years)

12. MCL 750.84: Assault with Intent to Commit Great Bodily Harm Less Murder (sentence of 6 to 10 years)

13. MCL 750.110A2: Home Invasion, First Degree (sentence of 12 to 20 years)

14. MCL 750.520C: Criminal Sexual Conduct, Second Degree (sentence of 10 to 15 years)

15. MCL 750.85: Torture (sentence of 25 to 40 years)

16. MCL 750.110A2: Home Invasion, First Degree (sentence of 12 to 20 years)

17. MCL 750.520C: Criminal Sexual Conduct, Second Degree (sentence of 10 to 15 years)

18. MCL 750.520B: Criminal Sexual Conduct, First Degree (sentence of 55 to 80 years)

19. MCL 750.520B: Criminal Sexual Conduct, First Degree (sentence of 55 to 80 years)

20. MCL 750.520B: Criminal Sexual Conduct, First Degree (sentence of 55 to 80 years)

21. MCL 750.110A2: Home Invasion, First Degree (sentence of 12 to 20 years)

22. MCL 750.530: Robbery Unarmed (sentence of 10 to 15 years)

23. MCL 750.520CIC: Criminal Sexual Conduct, Second Degree (sentence of 10 to 15 years)

24. MCL 750.520B1C: Criminal Sexual Conduct, First Degree (sentence of 55 to 80 years)

25. MCL 750.520B1C: Criminal Sexual Conduct, First Degree (sentence of 55 to 80 years)

26. MCL 750.110A2: Home Invasion, First Degree (sentence of 11 to 20 years)

27. MCL 750.529: Robbery Armed (sentence of 55 to 80 years)

28. MCL 750.520B: Criminal Sexual Conduct, First Degree (sentence of 55 to 80 years)

29. MCL 750.520C: Criminal Sexual Conduct, Second Degree (sentence of 10 to 15 years)

30. MCL 750.110A2:  Home Invasion, First Degree (sentence of 12 to 20 years)

(Ex. B, Smith's Offender Sheet.)  Plaintiff Smith is currently serving his sentence for these convictions.  (*Id.*)

**Leroy Hoskins**

Defendants intend to impeach witness Hoskins with evidence of three felony convictions.  Those convictions are:

1. MCL 750.224F/769.12: Weapons – Firearms – Possession by Felon (sentence of 15 to 40 years)

2. MCL 750.227BB: Weapons – Felony Firearms Second Offense (sentence of 5 years)

3. MCL 750.529: Robbery Armed (sentence of 8 to 20 years)

4. MCL 750.227BA: Weapon – Felony Firearms (sentence of 2 years)

(Ex. C, Hoskins's Offender Sheet.)

4

# ARGUMENT

**A.     FRE 609 explicitly allows the convictions to be admitted.**

In relevant part, Fed. R. Evid. 609 states:

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

(B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

(2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

(b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pursuant to Rule 609(a)(1)(A), any conviction for a crime punishable by imprisonment for more than one year, "must be admitted" "in a civil case," subject to Rule 403.  Rule 609 uses very strict language, clearly indicating the intent of the rule is that these types of convictions are admitted into evidence.  Every conviction offered by Defendants is punishable by imprisonment of more than one year and

there is no offered conviction where more than 10 years has passed since the later of the witness's conviction or release from confinement for it.

The Sixth Circuit has stated that as to Rule 609 impeachment, the "nature of the crime [is] admissible." *Meirs v. Ottawa Cnty.*, 821 Fed. Appx 445, 465 (6th Cir. 2020). *Meirs* involved a criminal sexual conduct conviction, just as Plaintiff Smith has many convictions for.

In *Hammond v. Cnty. of Oakland*, No. 17-13051, 2022 WL 3573856 (E.D. Mich. August 19, 2022), another Michigan district court recently ruled on a motion in limine in a prisoner civil rights case where the plaintiff sought to exclude evidence regarding his criminal convictions. The convictions in that case were similar to our case, with the plaintiff seeking to exclude convictions for criminal sexual conduct and unlawful imprisonment. *Id*. at *2. The plaintiff made the argument that revealing the nature of the convictions would not be probative of his credibility and that it would be unfairly prejudicial. *Id*. The court denied plaintiff's motion, emphasizing the strict language of Rule 609 and stating that the convictions were relevant to the plaintiff's credibility. *Id*. The court stated that:

> Here, Plaintiff's credibility will undoubtedly be a central issue at trial because the jury will be required to weigh Plaintiff's claim that Defendant Cadotte ordered Odin to bite him once handcuffed, so the fact that Plaintiff has amassed serious felony convictions is relevant. *See Hammond*, 825 F. App'x at 347. "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005), and reflects the "proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath," *Cummings v. Malone*, 995 F.2d 817, 826 (8th Cir. 1993). Plaintiff's 2016 felony convictions are less than ten years old, so Rule 609(a)(1) mandates that the court admit evidence of

> Plaintiff's 2016 convictions unless the probative value of this evidence "is substantially outweighed by a danger of ... unfair prejudice." *See* Fed. R. Evid. 403.
>
> Again, Plaintiff concedes that "the jury can be informed that [he] is serving a prison term for a felony conviction and the date of [the 2016] conviction," but he argues that the jury should not be informed that one of the crimes at issue is criminal sexual conduct. (*See* ECF No. 85, PageID.2085.) The Wright & Miller treatise indicates that, "[m]ost courts and commentators favor limiting admissibility to so-called 'essential facts' of the conviction," which generally "include the number of convictions, *the nature of each underlying crime,* the time and place of each conviction, and the punishment." 28 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Evid.* § 6134 (2d ed.) (emphasis added). However, the treatise also notes that a number of precedents grant the district court discretion, under "Rule 403 balancing," to determine the admissibility of "each detail about the crime." *Id.* The Sixth Circuit has previously indicated that it is "inclined to believe" that Rule 609(a) usually "require[s] admission ... [of] the nature of the crime, the number of counts, and the date of the disposition." *Doe v. Sullivan Cnty., Tenn.*, 956 F.2d 545, 551 (6th Cir. 1992); *see also Meirs v. Ottawa Cnty.*, 821 F. App'x 445, 464 (6th Cir. 2020) (rejecting the proposition "that the precise nature of [the witness's past] crime should have been excluded" under Rule 609(a)(1) and finding that the district court acted within its discretion when it "correctly held that the nature of the crime [criminal sexual conduct] was admissible").

*Id.* at *2-3.

Credibility will be a central issue in this case. Therefore, credibility impeachment evidence is highly probative. As such, Defendants should be able to impeach the credibility of Plaintiff and his witnesses with all of their convictions allowable under Rule 609.

### B. Smith's convictions and misconduct tickets are part of the allegations in this case and must be admitted because they are relevant and no unfair prejudice results.

Smith alleges that the Defendants referred to him as a "rapist." (First Am. Comp., ECF No. 21, PageID.117.) Smith alleges that he was raped by both Hoskins

7

and Rubley. (*Id.*) Hoskins allegedly anally raped Smith with his penis for 20 minutes while holding a knife to Smith's throat. (*Id.*) Rubley allegedly stuck a finger in Smith's anus after the fight with Hoskins as well. (*Id.*)

Smith has a long list of criminal convictions regarding rape. Smith himself was known to use a knife when he was breaking into homes to rape women.[1] Defendants' position is that Smith was never raped by Hoskins, let alone done in such a fashion. Defendants assert that Smith invented the alleged facts in this case based on his own previous conduct.

Further, Smith's list of grotesque conduct did not stop upon entering the custody of MDOC. So far, Smith has accumulated at least 77 sexual misconducts, at least 70 of which have occurred since the incident in this case. (Ex. A, Misconduct Summary.) This, too, is relevant because Smith puts his mental health at issue in this case, as he claims it was damaged by the Defendants due to their alleged conduct. His mental state prior to the incident is clearly relevant and the fact that his conduct in prison did not change after the alleged incident is clearly relevant to show that he was not damaged by these events that did not occur.

Many of Smith's misconducts also show bias against MDOC staff. Smith has assaulted staff physically and many of his sexual misconduct tickets are based on things he has done to or in the presence of staff. It is clear that Smith repeatedly commits violations against staff and often claims that staff are lying about Smith's conduct. Yet, Smith has been found guilty on these charges, and he is estopped

---

[1] https://www.youtube.com/watch?v=1dzWQXvst1c

8

from arguing that he did not commit those offenses. *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013).

Defendants' position is also that Smith was not popular in the unit and Smith's conduct, both getting sexual misconducts and his many rape convictions, was the likely reason that Hoskins would have fought Smith. This is supported by Hoskins' statement to investigators when asked about the reason for the fight, Hoskins said, "I told [Smith] he had to get out of the unit, he told me he would go tomorrow, so I fired on him, that's it." (Ex. D, Portion of Investigative Report.) Smith's convictions and his repeated misconduct in prison is circumstantial evidence that supports Hoskins's statement to investigators and Defendants' version of events. Therefore, Smith's convictions and conduct in prison are directly relevant and no unfair prejudice results from such evidence being admitted.

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Defendants respectfully request that the Court allow Defendants to impeach Smith and his witnesses with the nature of each of their felony convictions pursuant to Rule 609. Additionally, Defendants request that the Court allow Defendants to impeach and present evidence of Smith's many misconduct tickets as outlined in the above argument.

Respectfully submitted,

*/s/ Adam P. Sadowski*
Adam P. Sadowski (P73864)
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217

9

        Lansing, MI  48909
        (517) 335-3055
        Sadowskia1@michigan.gov

Date: June 9, 2025

## CERTIFICATE OF SERVICE

    I hereby certify that on June 9, 2025, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

        */s/Adam P. Sadowski*
        Adam P. Sadowski (P73864)
        Assistant Attorney General
        Attorney for MDOC Defendants