UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IKEIE SMITH #369273,

    Plaintiff,

v

RAY RUBLEY, LLOYD BLACKMAN, LIZA MOYER, GARY STUMP, and BRANDON WELCH,

    Defendants.

NO. 1:22-cv-925

HON. PAUL L. MALONEY

MAG. JUDGE PHILLIP J. GREEN

| | |
|---|---|
| Joshua S. Goodrich (P83197)<br>Attorney for Plaintiff<br>Lighthouse Litigation PLLC<br>5208 W Saginaw Hwy, #81142<br>Lansing, MI, 48917-1913<br>jsgoodrich@lighthouse-litigation.com | Adam P. Sadowski (P73864)<br>Sara E. Trudgeon (P82155)<br>Assistant Attorney General<br>Attorney for MDOC Defendants<br>Michigan Dept. of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-3055<br>Sadowskia1@michigan.gov |

**PLAINTIFFS' RESPONSE TO MDOC DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE REGARDING RULE 609 IMPEACHMENT ON CONVICTIONS AND MISCONDUCT HEARING FINDINGS**

    Joshua S. Goodrich (P83197)
    Attorney for Plaintiff
    Lighthouse Litigation PLLC
    5208 W Saginaw Hwy, #81142
    Lansing, MI 48917-1913
    (269) 312-7435
    jsgoodrich@lighthouse-litigation.com

Date June 23, 2025

**CONCISE STATEMENT OF ISSUES PRESENTED**

1. Should this Court preclude the admission of Plaintiff's 30 prior felony convictions and 70+ prison misconduct findings, where the evidence is unduly prejudicial, minimally probative, and unrelated to Plaintiff's claims under 42 U.S.C. § 1983?

    Plaintiff answers: Yes, such evidence should be excluded under FRE 403.

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Authority*:

- *FRE 403 & FRE 609*

- *Peterson v. Johnson, 714 F.3d 905 (6th Cir. 2013)*

- *Roberson v. Torres, 770 F.3d 398 (6th Cir. 2014)*

- *Sedore v. Landfair, No. 2:22-cv-10060, ECF No. 156 (E.D. Mich. Mar. 14, 2025)*

- *Bourgeois v. Strawn, 452 F. Supp. 2d 696 (E.D. Mich. 2006)*

STATEMENT OF FACTS

Plaintiff Ikeie Smith, MDOC #369273, is an incarcerated individual who brings this action under 42 U.S.C. § 1983 for violations of his constitutional rights by MDOC personnel. At all relevant times, Plaintiff was housed within the custody of the Michigan Department of Corrections (MDOC).

**I. INTRODUCTION**

Defendants seek to introduce 30 felony convictions and dozens of prison misconducts, including graphic sex offenses, for impeachment and substantive purposes. These convictions, while serious, are not crimes of dishonesty and carry an overwhelming danger of unfair prejudice under FRE 403. In fact the experienced attorney for the Michigan Department of Corrections stated "Smith's list of grotesque conduct." (ECF 115 PageID.724) for Many of the misconducts involve indecent exposure and alleged staff provocation, and have no bearing on truthfulness. "A district court is granted 'very broad' discretion in determining whether the danger of undue prejudice outweighs the probative value of the evidence." *United States v. Vance*, 871 F.2d 572, 576 (6th Cir. 1989)

Plaintiff respectfully requests that this Court follow the analysis set out in S*edore v. Landfair*, where Judge Drain excluded OWI and larceny convictions for being prejudicial, irrelevant, and unsupported by probative value in a § 1983 trial.

**II. ARGUMENT**

**A. The Nature and Number of Plaintiff's Convictions Warrant Exclusion Under Rule 403**

FRE 609(a)(1)(A) allows felony convictions to be admitted for impeachment in civil cases "subject to Rule 403." The Sixth Circuit has emphasized that trial courts must weigh whether such convictions "substantially outweigh" their prejudicial effect.

**Here, Plaintiff has 30 convictions, including:**

> **- Multiple CSC-I and CSC-II offenses**
> **- Robbery and Home Invasion**
> **- Torture and Assault**

Courts must evaluate the admissibility of felony convictions under Rule 609(a)(1)(A) alongside Rule 403. The standard presumes admissibility only where the probative value on credibility is not substantially outweighed by unfair prejudice. In *Sedore v. Landfair*, the court excluded OWI convictions despite being under 10 years old because their probative value was low and risked inflaming the jury in a civil rights case unrelated to the offenses.

Here, Defendants intend to present 30 convictions, including torture, home invasion, and numerous first-degree criminal sexual conduct charges. These are not crimes of dishonesty but of violence and sexual misconduct. Courts routinely exclude such convictions when they are unrelated to truthfulness, especially in § 1983 trials where credibility is central and prejudice risks are high. As in *Bourgeois v. Strawn*, "[t]he evidence would tend to prove that the plaintiff had a general bad character, but that is not a proper purpose." 452 F. Supp. 2d 696, 713 (E.D. Mich. 2006).While serious, these convictions are not crimes of dishonesty and are unlikely to help the jury assess truthfulness. Their introduction risks inflaming juror bias based on character, especially given the volume and nature of the offenses. Courts have excluded such evidence in similar cases. In *Bourgeois*, the court barred misdemeanor drug and retail fraud charges as too prejudicial, even in a case involving police use of force.

**B. Plaintiff's Misconducts Are Cumulative, Irrelevant, and Improper Under FRE 403 and 404(b)**

Defendants also seek to introduce more than 70 misconducts—primarily sexual or behavioral—to imply that Plaintiff is biased against MDOC staff or mentally unstable. These include incidents that postdate the March 26, 2020, assault and have no bearing on the events at issue in this trial.

Rule 404(b) bars this type of character evidence. The Sixth Circuit has made clear in *United States v. Mack*, 258 F.3d 548 (6th Cir. 2001), that prior bad acts are inadmissible to show propensity, and Rule 403 provides an added backstop where the evidence's probative value is minimal.

In *Sedore*, Judge Drain found that allowing evidence of similar misconducts—retail fraud and OWI—would improperly invite the jury to rule on character rather than constitutional claims. The same rationale applies here.

**C. Plaintiff's Convictions Are Stale or Redundant and Fail the 10-Year Rule**

Under Rule 609(b), convictions more than 10 years old require a showing that their "probative value... substantially outweighs their prejudicial effect." Of the 30 convictions, many predate 2015. Courts apply a presumption against admitting such old offenses. In *Peatross*, 377 F. App'x 477, 480 (6th Cir. 2010) *United States v. Sloman*, 909 F.2d 176, 180 (6th Cir. 1990) (quoting *United States v. Sims*, 588 F.2d 1145, 1149 (6th Cir. 1978)), the Sixth Circuit instructed that "convictions over ten years old should be admitted very rarely and only in exceptional circumstances."

## II. PRISON MISCONDUCT FINDINGS SHOULD BE EXCLUDED AS UNFAIRLY PREJUDICIAL AND OF LIMITED PROBATIVE VALUE

Defendants also seek to introduce numerous misconducts — including alleged indecent exposure, assault, and refusal to obey orders — ostensibly to show a pattern of behavior. Yet Rule 403 again requires exclusion where the evidence invites bias and jury confusion.

In R*oberson v. Torres,* 770 F.3d 398, 405 (6th Cir. 2014), the Sixth Circuit cautioned that *Peterson v. Johnson,* 714 F.3d 905 (6th Cir. 2013), "is not a blanket blessing on every factual finding in a major-misconduct hearing." Rather, preclusion is limited to circumstances where the hearing was full, fair, and reliably adjudicated the specific facts now at issue. Courts must still assess whether factual findings bear directly on the claims and are not outweighed by prejudice.

Here, Defendants do not claim the misconducts involve dishonesty or that they are relevant to Plaintiff's § 1983 claims of excessive force, retaliation, or conspiracy. Instead, they argue that Plaintiff's conduct is "grotesque" and supports a claim of bias or mental health issues. That is precisely the type of character attack Rule 403 prohibits. As the court ruled in *Sedore,* evidence of 8 stale convictions and allegations of "bad behavior" had "little to do with establishing credibility" and created a "significant risk of undue delay and prejudice[.]"

Allowing jurors to hear that Plaintiff has dozens of misconducts, especially involving sexual content, risks exactly the kind of unfair bias Rule 403 is designed to prevent. None of these findings pertain to Plaintiff's truthfulness or the specific events at issue in this lawsuit. Nor have Defendants shown that these hearings were reliable or even subject to judicial review.

## III. CHARACTER EVIDENCE IS INADMISSIBLE UNDER RULE 404(B)

Defendants' attempt to show that Plaintiff's misconduct demonstrates a pattern of bias against MDOC staff or that he somehow provoked the attack amounts to impermissible character evidence. Rule 404(b)(1) bars such use unless it proves motive, intent, or knowledge — none of which is at issue here. Instead, the evidence is offered solely to show Plaintiff's bad character and suggest he deserved whatever happened to him — a proposition wholly inconsistent with constitutional protections afforded to prisoners.

As explained in *Moore v. Bannon*, evidence related to prior conduct not directly at issue in the trial is often more prejudicial than probative and should be excluded entirely under Rule 403.

### III. CONCLUSION

This trial concerns whether MDOC staff violated Plaintiff's rights on March 26, 2020—not whether Plaintiff committed crimes in 1995. Accordingly, this Court should:

2. Exclude all convictions except one under FRE 609(a)(1)(A), presented without detail.
3. Exclude misconducts postdating the events at issue.
4. Exclude all convictions older than 10 years under FRE 609(b).
5. Preclude any Rule 404(b) use of misconduct to show character or bias.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2025, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ Joshua S. Goodrich, J.D., LL.M.
Joshua S. Goodrich, J.D., LL.M (P83197)
Lighthouse Litigation, PLLC
Attorney for the Plaintiff