UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

          Plaintiff,

v.

          Case No.: 2:22-cv-10060
          Hon. Gershwin A. Drain

SIRENNA LANDFAIR, *et al.*,

          Defendants.
_____/

**ORDER DENYING MDOC DEFENDANTS' MOTION IN LIMINE REGARDING RULE 609 IMPEACHMENT [#128], GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE AT TRIAL [#129] AND GRANTING PLAINTIFF'S MOTION IN LIMINE TO ALLOW PLAINTIFF'S APPEARANCE IN CIVILIAN CLOTHES AND WITHOUT VISIBLE RESTRAINTS [#130]**

### I. INTRODUCTION

This 42 U.S.C. § 1983 prisoner civil rights action is scheduled to begin trial on March 18, 2025. Plaintiff Scott Sedore brings a First Amendment retaliation claim against Dr. Victoria Hallets, and Michigan Department of Corrections (MDOC) Registered Nurses Sirenna Landfair and Alinda Florek for placing him in a segregation cell by falsely claiming Plaintiff had engaged in self-injurious behavior. Plaintiff further alleges a claim under Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act because the

segregation cell was too small to accommodate Plaintiff's wheelchair.  Plaintiff asserts that this caused him debilitating pain.

Presently before the Court are the parties' Motions in Limine, filed on March 4, 2025.  First, the MDOC Defendants seek permission to use eight of Plaintiff's prior convictions for impeachment purposes.  Next, Plaintiff moves to exclude evidence regarding dismissed parties and claims, as well as to exclude evidence of his prior convictions.  Finally, Plaintiff moves for permission to wear civilian clothes and to be without visible restraints during his trial.  None of the parties filed Responses to the Motions in Limine, and the time for doing so has expired.  *See* Text Entry ent'd on 3/10/25.   Upon review of the parties' motions, the Court concludes oral argument will not aid in the disposition of these matters.  Accordingly, the parties' motions in limine will be determined on the briefs.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court denies the MDOC Defendants' Motion in Limine and grants Plaintiff's Motions in Limine.

II. **LAW & ANALYSIS**

**A.  Standard of Review**

The purpose of a motion in limine is to ensure the evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible.  *Ind. Ins. Co. v. General Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Johasson v. Lutheran Child & Family Servs.*, 115 F.3d  436,

2

440 (7th Cir. 1997)). A court should exclude evidence on a motion in limine only when that evidence is determined to be clearly inadmissible on all potential grounds. *Id*. When a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. *Id*. Whether or not to grant a motion in limine falls within the sound discretion of the trial court. *Branham v. Thomas Cooley Law Sch*., 689 F.3d 558, 560 (6th Cir. 2012).

Rules 401 and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Evidence that is irrelevant is inadmissible. *See* Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**B.** **MDOC Defendants' Motion *in Limine* Regarding Rule 609 Impeachment and Plaintiff's Motion *in Limine* Regarding Prior Arrests and Convictions**

Defendants seek permission to introduce evidence of Plaintiff's prior 8 convictions for impeachment purposes during trial. These convictions include:

| | |
|---|---|
| (1) Felony Operating While Intoxicated Causing Death in violation of Mich. Comp. Laws § 257.625⁴ | Date of Conviction: 5/18/2011 (Plaintiff is still serving this 15-40 year sentence) |
| (2) Felony Operating While Intoxicated Causing Serious Injury in violation of Mich. Comp. Laws § 257.625⁴(A) | Date of Conviction: 5/18/2011 (Plaintiff is still serving this 15-40 year sentence) |
| (3) Felony Retail Fraud – First Degree in violation of Mich. Comp. Laws § 750.356(C) | Date of Conviction: 3/5/1996 |
| (4) Felony Retail Fraud – First Degree in violation of Mich. Comp. Laws § 750.356(C) | Date of Conviction: 2/23/1996 |
| (5) Misdemeanor Retail Fraud – Second Degree in violation of Mich. Comp. Laws § 750.356(C) | Date of Conviction: 2/17/1994 |
| (6) Felony Retail Fraud – First Degree in violation of Mich. Comp. Laws § 750.356(C) | Date of Conviction: 5/5/1993 |
| (7) Felony Larceny in a Building in violation of Mich. Comp. Laws § 750.360 | Date of Conviction 7/25/1990 |
| (8) Attempted Felony Embezzlement – Agent or Trustee over $100 in violation of Mich. Comp. Laws § 750.174(B) | Date of Conviction 11/5/1987 |

Plaintiff seeks to exclude admission of his prior criminal convictions arguing that they are all more than ten years old, and that Defendants cannot demonstrate their probative value substantially outweighs the danger of unfair prejudice.

Rule 609 governs the use of prior convictions to attack a witness's credibility. Conviction for a crime "punishable by death or imprisonment for more

4

than one year" in the convicting jurisdiction "must be admitted, subject to Rule 403, in a civil case[.]" Fed R. Evid. 609(a)(1)(A).  Additionally, a conviction for "any crime regardless of punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2).  However, Rule 609(b) of the Federal Rules of Evidence limits the admissibility of impeachment evidence "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b).  Evidence of such a conviction is only admissible if "it's probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest it." *Id*.

Defendants argue that convictions #1 and #2 fall within the ambit of Rule 609(a)(1)(A) because they are convictions for crimes punishable by more than one year imprisonment and they are less than ten years old.  The Court notes that Defendants are correct that the 10-year limit under Rule 609(b) is inapplicable to these convictions contrary to Plaintiff's argument because not "more than 10 years have passed since the witness's conviction *or release from confinement for it, whichever is later*." Fed. R. Evid. 609(b)(emphasis supplied).  Thus, while the

5

convictions for crimes #1 and #2 occurred in 2011, Plaintiff is still serving his sentence for these crimes and has not yet been released from custody. As such, the Court must admit convictions #1 and #2 subject to the balancing test of Rule 403. Fed. R. Evid. 609(a)(1)(A). In other words, the Court must permit impeachment of Plaintiff using convictions #1 and #2 unless these convictions' probative value is substantially outweighed by the unfair prejudice it would cause Plaintiff.

Defendants rely on *Hammond v. Cnty. of Oakland*, No. 17-13051, 2022 U.S. Dist. LEXIS 149468 (E.D. Mich. Aug. 19, 2022) in support of their position. In *Hammond*, the plaintiff sought to exclude a 2016 criminal sexual conduct conviction from his 2022 civil rights trial. 2022 U.S. Dist. LEXIS 149468, at *1. The *Hammond* case's excessive force claim stemmed from the plaintiff's arrest that resulted in his 2016 conviction. *Id.* at *3. The *Hammond* court concluded that the 2016 conviction was admissible because "the nature of Plaintiff's conduct immediately before his arrest that led to felony convictions is relevant not only for impeaching Plaintiff's credibility but also to provide the jury with a full account of the events surrounding Plaintiff's excessive force claim against" the Defendant officer.

However, in Mr. Sedore's case, his arrests and convictions #1 and #2 for felony operating while intoxicated causing death and serious injury do not relate to Plaintiff's First Amendment, ADA, and Rehabilitation Act claims contrary to

6

Defendants' argument. Defendants base their position on the fact that Plaintiff claims he is in a wheelchair as a result of the vehicle crash for which he was convicted of operating while intoxicated. Defendants claim that these convictions are intertwined with his claims in this case. This argument is not well taken. Defendants do not explain why the jury must know the reason Plaintiff is wheelchair bound in order to resolve Plaintiff's claims. Nor do Defendants address Rule 403 balancing considerations in their motion.

Here, the Court concludes that convictions #1 and #2 fail Rule 403's balancing test. A conviction for operating a vehicle under the influence causing death or serious injury sheds minimal light on Plaintiff's propensity for truthfulness in a prisoner civil rights case involving First Amendment, ADA and Rehabilitation Act claims. Moreover, Plaintiff's operating under the influence convictions involve death and serious injury, therefore such evidence may lead the jury to reach its decision based on an improper basis. As such, the probative value of these convictions is minimal at best and it is substantially outweighed by the extreme risk of unfair prejudice. *See Reed-Bey v. Pramstaller*, No. 06-10934, 2013 U.S. Dist. LEXIS 159465, *8-9 (E.D. Mich. Nov. 7, 2013). While the jury will be apprised of the fact that Plaintiff is serving a felony sentence as the events giving rise to this action occurred in prison, the Defendants may not impeach the Plaintiff with the nature of convictions #1 and #2.

7

As to convictions #3 through #8, all of these convictions involve dishonesty. However, it has been more than 10 years since Plaintiff's release from custody on these convictions. Therefore, Rule 609(b) applies and allows admission of prior crimes for impeachment "only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and the proponent gives reasonable written notice of its intent to use the prior convictions. *See United States v. Rodriguez*, 409 F. App'x 866, 869-70 (6th Cir. 2011)("Rule 609(b) creates, in effect, a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded."). Defendants maintain that credibility is a central issue in this case, thus evidence that Plaintiff has repeatedly engaged in crimes of dishonesty should be admitted as probative of Plaintiff's credibility.

The Court finds that Plaintiff's convictions #3 through #8 are extremely stale. Four out of the remaining six convictions are more than thirty years old. The other two convictions are twenty-nine years old. "When stale convictions are offered for the purpose of impeaching a witness, they often shed little light on the present tendency of the witness towards truthfulness and veracity." *United States v. Sims*, 588 F.2d 1145, 1148 (6th Cir. 1978). The *Sims* court further held that convictions more than ten years old will "very rarely and only in exceptional circumstances" be admitted. *Id*.

The staleness of these convictions and the fact Plaintiff's criminal history does not reflect Plaintiff has continued to engage in such behavior since his 1996 convictions are not probative of Plaintiff's present tendency for truthfulness and veracity. Defendants have not presented sufficient facts to show that this is an exceptional case where such stale convictions are so probative that they outweigh the prejudice they will cause. Defendants' argument is that credibility is a significant issue at trial. However, Rule 609(b) contemplates that even crimes of dishonesty more than ten years old are only admissible if there are specific facts showing the probative value of the convictions substantially outweighs their prejudicial effect. For these reasons, Defendants may not use convictions #3 through #8 to impeach the Plaintiff. The MDOC Defendants' Motion in Limine is denied.

### C. Plaintiff's Motion in Limine to Exclude Evidence Regarding Dismissed Parties and Claims

Plaintiff originally brought suit against Brian Stricklin, R.N.; however, the Court dismissed Mr. Stricklin due to Plaintiff's failure to exhaust his administrative remedies against Mr. Stricklin. Plaintiff also originally sued Corizon Health Inc., Dr. Halletts' employer. In June of 2023, Plaintiff moved to voluntarily dismiss Corizon, and the Court granted his motion. Plaintiff now

9

moves to exclude evidence of these dismissed defendants because such evidence is irrelevant and will serve to confuse the jury.[1]

In support of his motion, Plaintiff relies on *Moore v. Bannon*, No. 10-12801, 2012 U.S. Dist. LEXIS 81740 (E.D. Mich. Jun. 13, 2012). In *Moore*, the plaintiff sought to exclude dismissed parties and claims. In granting the *Moore* plaintiff's request, the court concluded that "such evidence has little to do with establishing credibility, and is of little probative value, but instead carries significant risk of undue delay and waste of time that would fall under exclusion of evidence in Rule 403." *Moore*, 2012 U.S. Dist. LEXIS 81740 at *21-22.

Here, the Court concludes there is no probative value in admitting evidence of dismissed Defendants Corizon and Stricklin. The evidence is excludable under Rule 403 as it will only serve to confuse the jury, unnecessarily prolong trial and cause severe risk that the jury may base its verdict on an improper basis. Accordingly, Plaintiff's Motion in Limine to Exclude Evidence and Testimony is granted.

### D. Plaintiff's Motion in Limine to Allow Plaintiff's Appearance in Civilian Clothing and Without Visible Restraints

Plaintiff has also filed a motion seeking permission to appear in civilian

---

[1] Plaintiff also argues that evidence of dismissed claims should be excluded; however, the Court has not dismissed any claims from this action.

clothing and without visible restraints during his upcoming trial. In his motion, Plaintiff indicates that he sought concurrence from the Defendants and Defendants stated they had no objection to allowing Plaintiff to wear civilian clothing. Accordingly, Plaintiff's request to appear at trial in civilian clothing is granted.

As to Plaintiff's request to appear without visible restraints, Defendants responded that they could not provide concurrence on restraints as that is a matter for the Court. It is well settled that shackling a defendant during his criminal trial "is an inherently prejudicial practice, it should be permitted only where justified by an essential state interest specific to each trial." *Seymore v. Farmer*, No. 16-13808, 2022 U.S. Dist. LEXIS 233144, *6 (E.D. Mich. Dec. 29, 2022)(quoting *Holbrook v. Flynn*, 475 U.S. 560, 568-69 (1986)(internal quotation marks omitted). Additionally, numerous courts have determined that shackles in civil trials may also result in an unfair trial. *Seymore*, 2022 U.S. Dist. LEXIS 233144, at *6-7 (collecting cases).

It is within the trial court's discretion "to determine whether an inmate should be physically restrained during the trial." *Seymore*, 2022 U.S. Dist. LEXIS 233144, at *7. The trial court may take into consideration "records bearing on the inmate's disruptive and violent conduct, the opinions of correctional and/or law enforcement officers and the federal marshals. *Id*. (citing *Sides v. Cherry*, 609 F.3d 576, 582 (3d Cir. 2010)).

Here, the record is devoid of any evidence that Plaintiff has engaged in violent crimes. Nor is there any record evidence that Plaintiff has engaged in unruly conduct during his confinement. Based on the record before the Court, the Court finds no security concerns with respect to Plaintiff appearing for trial without any restraints. As such, Plaintiff's handcuffs and leg restraints shall be removed prior to the jury entering the courtroom and will be replaced at the conclusion of each trial day once the jury has been discharged for the day.

Accordingly, Plaintiff's final motion will also be granted.

### III. CONCLUSION

Accordingly, for the reasons articulated above, Defendants' Motion in Limine Regarding Rule 609 Impeachment [#128] is DENIED.

Plaintiff's Motion in Limine to Exclude Testimony and Evidence [#129] is GRANTED.

Plaintiff's Motion in Limine to Allow Plaintiff's Appearance in Civilian Clothing and Without Visible Restraints [#130] is GRANTED. Plaintiff's counsel is responsible for bringing Plaintiff's clothes to Plaintiff each trial day.

SO ORDERED.

Dated: March 14, 2025 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

# CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 14, 2025, by electronic and/or ordinary mail.

/s/ Marlena Williams
Case Manager