UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IKEIE SMITH #369273, | NO. 1:22-cv-925 |
| Plaintiff, | |
| v | HON. PAUL L. MALONEY |
| RAY RUBLEY, LLOYD BLACKMAN, LIZA MOYER, GARY STUMP, and BRANDON WELCH, | MAG. JUDGE PHILLIP J. GREEN |
| Defendants. | |

| | |
|---|---|
| Joshua S. Goodrich<br>Attorney for Plaintiff<br>Lighthouse Litigation PLLC<br>5208 W Saginaw Hwy, #81142<br>Lansing, MI, 48917-1913<br>jsgoodrich@lighthouse-litigation.com | Adam P. Sadowski (P73864)<br>Sara E. Trudgeon (P82155)<br>Assistant Attorney General<br>Attorney for MDOC Defendants<br>Michigan Dept. of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-3055<br>Sadowskia1@michigan.gov |

_____/

**MDOC DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO ALLOW PLAINTIFF'S APPEARANCE IN CIVILIAN CLOTHING AND WITHOUT VISIBLE RESTRAINTS (ECF NO. 124)**

                                                   Adam P. Sadowski (P73864)
                                                   Assistant Attorney General
                                                   Attorney for MDOC Defendants
                                                   Corrections Division
                                                   P.O. Box 30217
                                                   Lansing, MI  48909
                                                   (517) 335-3055
                                                   Sadowskia1@michigan.gov

Date:  July 3, 2025

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should this Court find that Smith is entitled to civilian clothing and to attend his trial without visible restraints?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

*Sedore v. Landfair*, No. 2:22-CV-10060, 2025 WL 1707639 (E.D. Mich. Mar. 14, 2025).

*Seymore v. Farmer*, No. 16-13808, 2022 WL 18027629 (E.D. Mich. Dec. 29, 2022).

i

## BRIEF IN RESPONSE

Smith is a serial rapist with a long history of misconducts in prison, including many instances of exposing himself to Michigan Department of Corrections (MDOC) staff and threatening behavior. (Misconduct Summary, ECF No. 115-2, PageID.729-731.) Smith requests civilian clothing for the trial in this matter and that the jury not see any visible restraints. Ultimately, the motion should be denied.

To be clear, Defendants do not oppose Smith being permitted to wear civilian clothing; however, it is not the responsibility of Defendants nor the MDOC to provide such clothing. MDOC policy dictates what is provided to each prisoner, including clothing. (Policy Directive 04.07.110.[1]) Smith is provided clothes in prison but is not provided traditional court clothing, as in a suit or other amenity. If Smith wishes to wear civilian clothing, either Smith or his attorney can provide clothing to the U.S. Marshal Service and Smith can change into those clothes when he is brought to the courthouse for trial. Ultimately, it is Smith's burden, and not Defendants' or the MDOC's.

When it comes to visible restraints, Smith is a Level V prisoner, which is the highest security level within the MDOC. As of May 2025, there were 32,449

---

[1] https://www.michigan.gov/corrections/-/media/Project/Websites/corrections/Files/Policy-Directives/PDs-04-Institutional-Operations/PD-0407-Prisoner-Care/04-07-110-State-Issued-Items-and-Cell-Room-Furnishings-effective-09-01-19.pdf?rev=64e18273f73645b3a1b0788707be2b52

1

inmates within the custody of MDOC, of which only 646 were Level V.[2] This figure illustrates how much of a safety and security risk that Smith presents. Smith states that "Defendants have made no claim that Plaintiff poses a safety threat requiring visible restraints" despite having filed other pretrial motions. (Motion, ECF No. 124, PageID.804-805.) While it is true that Defendants have not commented on such topics, but there was no reason for Defendants to raise that issue at any time prior to Smith's request. Simply put, Smith is a safety and security threat and should be treated as such.

Plaintiff's request regarding lack of visible restraints should be denied. Smith cites *Sedore v. Landfair*, in support of his contention that he should be without restraints. No. 2:22-CV-10060, 2025 WL 1707639, at *4 (E.D. Mich. Mar. 14, 2025). However, as noted by Judge Drain, the "trial court may take into consideration 'records bearing on the inmate's disruptive and violent conduct, the opinions of correctional and/or law enforcement officers and the federal marshals.'" *Id.* (quoting *Seymore v. Farmer*, No. 16-13808, 2022 WL 18027629, at *3 (E.D. Mich. Dec. 29, 2022)). Judge Drain then ruled that the Plaintiff in that case could have the restraints removed because that Plaintiff had not engaged in violent crimes and there was no evidence that he engaged in unruly conduct during his confinement.

---

[2] https://www.michigan.gov/corrections/-/media/Project/Websites/corrections/Files/Legislative-Reports/2025/Offender-Population---May.pdf?rev=11ebec2fae444fe1a4221515666a76d5&hash=63F2741E049F13BDECE60A10E0C09BA6

*Id.* Additionally, despite the order from *Sedore* being only a few months old, Sedore himself is no longer within the custody of MDOC.[3]

It is the complete opposite in this case. Smith is a violent offender with many heinous convictions, and he has continued that behavior throughout his time in prison. (Misconduct Summary, ECF No. 115-2, PageID.729-731.) Smith is not likely to ever be released from prison, but even if it were to occur, the earliest that it could ever happen would be in 2071.[4] Smith is a safety and security threat and his request regarding restraints should be denied given Smith's criminal history and behavior both in and out of prison.

## CONCLUSION AND RELIEF REQUESTED

Defendants request that this Court deny his motion in limine. If Smith wishes to have civilian clothing during the trial, Smith and his counsel can provide such clothing to the Marshals prior to trial and neither the MDOC nor any Defendant should have to provide anything in that regard. Lastly, Smith should be restrained during the trial because he is a violent offender with a long history of unruly behavior while incarcerated.

Respectfully submitted,

*/s/Adam P. Sadowski*
Adam P. Sadowski (P73864)
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217

---

[3] https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=210661

[4] https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=369273

3

                                                          Lansing, MI  48909
                                                          (517) 335-3055
                                                          Sadowskia1@michigan.gov

Date:  July 3 2025

## CERTIFICATE OF SERVICE

      I hereby certify that on July 3, 2025, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                                                        */s/Adam P. Sadowski*
                                                        Adam P. Sadowski (P73864)
                                                        Assistant Attorney General
                                                        Attorney for MDOC Defendants